UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- x

COUNTER TERRORIST GROUP US,
COUNTERR GROUP, and J. K. IDEMA,

                Plaintiffs,

         - against -

AUSTRALIAN BROADCASTING CORP.;
a/k/a ABC AUSTRALIA; ABC
CORPORATIONS 1-100; LIZ JACKSON;
ERIC CAMPBELL; JOSEPH A CAFASSO;
EDWARD A. ARTIS; KNIGHTSBRIDGE
INTERNATIONAL, INC.; KNIGHTSBRIDGE
INTERNATIONAL HUMANITARIAN
RELIEF AND HUMAN IMPROVEMENT
PROGRAMS, INC.; ROBERT C. MORRIS;
PARTNERS INTERNATIONAL
FOUNDATION; WILLIAM JOHN HAGLER,
Both Individually and Severally, and DOES 1
through 7, inclusive,

                Defendants.

------------------------------------------------------------- x

08 Civ 2356 (DAB)


# MEMORANDUM OF LAW IN SUPPORT OF
# DEFENDANT LIZ JACKSON'S MOTION TO DISMISS
# FOR LACK OF PERSONAL JURISDICTION




DAVIS WRIGHT TREMAINE LLP
1633 Broadway
New York, New York 10019
(212) 489-8230

*Attorneys for Defendant*
*Liz Jackson*

Defendant Liz Jackson submits this memorandum of law in support of her motion to dismiss the complaint of Plaintiffs Counter Terrorist Group US, Counterr Group, and J.K. Idema ("Idema") based on lack of personal jurisdiction, pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure. The facts relevant to this motion are set forth in her accompanying declaration dated May 20, 2008 ("Jackson Decl."). Ms. Jackson also joins in the motion of defendant the Australia Broadcasting Corporation (the "ABC") to dismiss the complaint based on lack of subject matter jurisdiction or, in the alternative, on the grounds of *forum non conveniens*.

## ARGUMENT

Defendant Liz Jackson is not subject to personal jurisdiction in New York and therefore moves to dismiss pursuant to Rule 12(b)(2). The complaint[1] makes the bare, conclusory, general allegations that "[d]efendants regularly transact business here, the infringing photographs were distributed here, and the infringing network, the Australian Broadcasting Corporation, has extensive commercial activities in this state and their American headquarters is within this district". Comp. ¶ 2.[2] It says *nothing* about any jurisdictional basis for suing Jackson in New York, pleading only that she is a resident of Australia. *Id.* ¶ 12.

"In order to survive a motion to dismiss for lack of personal jurisdiction, a plaintiff must make a prima facie showing that jurisdiction exists". *Best Van Lines, Inc. v. Walker,* 490 F.3d 239, 242 (2d Cir. 2007). "To make such a showing, the plaintiff may rely on the Complaint, affidavits, and other supporting evidence". *Lipin v. Hunt*, 538 F. Supp.2d 590, 597 (S.D.N.Y. 2008). *See also, Jazini v. Nissan Motor Co.*, 148 F.3d 181, 186 (2d Cir. 1998) (plaintiffs'

---

[1] A copy of the complaint is annexed to the Affidavit of Edward Davis, sworn to May 20, 2008, on the accompanying motion.

[2] As set forth in the Declaration of Robert Simpson dated May 21, 2008, on the accompanying motion, the ABC does not have extensive commercial activities or an "American headquarters" in New York.

conclusory statements restating the legal standard for personal jurisdiction "did not establish a *prima facie* case that the district court had jurisdiction"); *Giar v. Centea*, No. 02 Civ. 7916 (LLS),2003 WL 1900836, at *2 (S.D.N.Y. April 16, 2003) (complaint dismissed without discovery because plaintiffs' conclusory statements about defendant's relationship to a New York corporation failed to make a *prima facie* showing of personal jurisdiction).

In both diversity and federal question cases, federal courts determine questions of personal jurisdiction in accordance with the laws of the state in which they sit. *See Thomas v. Ashcroft*, 470 F.3d 491, 495 (2d Cir. 2006). The court engages in a two-part inquiry: "first, it determines whether the plaintiff has shown that the defendant is amenable to suit under the forum state's statutes; second, it determines whether the assertion of jurisdiction under that provision would be compatible with requirements of due process established under the Fourteenth Amendment to the United States Constitution". *Best Van Lines,* 490 F.3d at 242; *see Int'l Shoe Co. v. Washington*, 326 U.S. 310, 315 (1945). In New York, personal jurisdiction may be found under Civil Practice Law and Rules ("CPLR") § 301 (general jurisdiction, for all causes of action, whether or not related to a defendant's activities in New York) or § 302 (specific jurisdiction, for only a particular claim). Neither provision provides a basis for jurisdiction over Jackson in this case.

Under New York's general jurisdiction provision, a court may exercise jurisdiction over causes of action unrelated to defendant's contacts within the state only if the defendant "engaged in such a continuous and systematic course of 'doing business' here as to warrant a finding of its presence in this jurisdiction". *Lipin*, 538 F. Supp.2d at 597; *Landoil Resources Corp. v. Alexander & Alexander Serv., Inc.*, 77 N.Y.2d 28, 33-34, 563 N.Y.S.2d 739, 741, 565 N.E.2d 488, 490 (1990) (citations omitted). Jackson, a resident and citizen of Australia who has lived

and worked in Sydney since 1983, has no ongoing contacts whatsoever with New York -- no real estate, no other assets, no telephone number, no office, no bank account, no income, no regular activity at all. Jackson Decl. ¶¶ 5-11. Her only contacts with New York have consisted of four trips for news reporting, all before 2005, and one trip on vacation, in 1980. *Id.* ¶¶ 12-13. These intermittent visits do not come close to establishing a systematic, continuous and permanent presence in the State.

Nor is Jackson subject to specific jurisdiction. She does not transact business or contract to supply goods or services in the State. C.P.L.R. § 302(a)(1). She has not committed a tortious act in this state from which plaintiffs' claims arise. C.P.L.R. § 302(a)(2). The tort of defamation is pleaded against her, but it is excluded from the statute. *See, Best Van Lines,* 490 F.3d at 244-45 (C.P.L.R. § 302(a)(3) expressly does not apply to defamation cause of action). The only other tort claims pleaded against her are copyright infringement, conversion and tortious interference with contract and prospective economic advantage. But the sole basis for those claims is the allegation that she produced and presented the Program (Comp. ¶¶ 25-27, 43, 52), and that conduct did not take place in New York. Finally, under § 302(a)(3), she could be subject to jurisdiction for a tortious act (again, other than defamation) committed outside the state, but only if she "(i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or (ii) expects or should reasonably expect the act to have consequences in the State and derives substantial revenue from interstate or international commerce". Neither is remotely true here.

## CONCLUSION

For the foregoing reasons, defendant Jackson requests that the Court grant her motion to dismiss for lack of personal jurisdiction.

Dated: New York, New York
      May 21, 2008

DAVIS WRIGHT TREMAINE LLP

By: *[signature]*
    Marcia B. Paul (MP 8427)
    Edward J. Davis (ED 1266)
    Monica Pa (MP 3307)

    1633 Broadway – 27th Floor
    New York, New York 10019
    Telephone: (212) 489-8230
    Fax: (212) 489-8340

*Attorneys for Defendant
Liz Jackson*