```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X
COUNTER TERRORIST GROUP US, COUNTERR
GROUP and J.K. IDEMA,

                        Plaintiffs,
                                              08 Civ. 2356 (DAB)
         -against-                                 ORDER

AUSTRALIAN BROADCASTING CORP. aka ABC
AUSTRALIA, ABC CORPORATIONS 1-100, LIZ
JACKSON, ERIC CAMPBELL, JOSEPH A.
CAFASSO, EDWARD A. ARTIS, KNIGHTSBRIDGE
INTERNATIONAL, INC., KNIGHTSBRIDGE
INTERNATIONAL HUMANITARIAN RELIEF AND
HUMAN IMPROVEMENT PROGRAMS, INC.,
ROBERT C. MORRIS, PARTNERS INTERNATIONAL
FOUNDATION, WILLIAM JOHN HAGLER,
individually and severally, and DOES 1-7,

                        Defendants.
------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 06/10/09

DEBORAH A. BATTS, United States District Judge.

Plaintiffs Counter Terrorist Group US, Counterr Group, (collectively, "Counterr Group") and J.K. Idema bring this federal copyright infringement action against Defendants Australian Broadcasting Corp. ("ABC"), ABC Corporations 1-100, Liz Jackson, Eric Campbell, Joseph A. Cafasso, Edward A. Artis, Knightsbridge International, Inc., Knightsbridge International Humanitarian Relief and Human Improvement Programs, Inc., Robert C. Morris, Partners International Foundation ("PIF"), William John Hagler, and Does 1-7. The Complaint alleges several additional state law claims under New York and North Carolina

law. The served Defendants[1] have moved to dismiss the Complaint on a number of grounds. Defendants Liz Jackson ("Jackson"), Australian Broadcasting Corp. ("ABC"), Partners International Foundation ("PIF"), and William John Hagler ("Hagler") move to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), on the grounds that no federal question is presented and complete diversity among the Parties is lacking. In the alternative, Defendants Jackson and ABC move to dismiss the Complaint on the grounds of forum non conveniens, Defendant Jackson moves to dismiss for lack of personal jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(2), and Defendant PIF moves to dismiss for lack of personal jurisdiction and for lack of capacity to sue as regards Plaintiffs Counter Intelligence Group US and Counterr Group only.

For the reasons set forth below, each of Defendants' motions to dismiss the Complaint is GRANTED for lack of subject matter jurisdiction.[2]

---

[1] To date, the Court's records indicate that only Defendants Australian Broadcasting Corp., Liz Jackson, Partners International Foundation, Knightsbridge International, Inc., Knightsbridge International Humanitarian Relief and Improvement Programs, Inc., and William John Hagler have been served with the Complaint. Defendants Knightsbridge International, Inc., and Knightsbridge International Humanitarian Relief and Human Improvement Programs, Inc. have not moved to dismiss, answered, or responded to the Complaint in any way. The Clerk of Court issued a certificate of default on August 18, 2008 but the Plaintiffs have not moved for default.

[2] Because the Court finds that it lacks subject matter jurisdiction, it does not address Defendants' alternate bases for

## I. BACKGROUND

Plaintiffs Counter Terrorist Group US and Counterr Group (collectively, "Counterr Group") are North Carolina companies located in Cumberland County, North Carolina, and engaged in the support of United States counter-terrorist initiatives. (Compl. ¶ 7) Plaintiff J.K. Idema ("Idema") is a United States citizen formerly employed by the Counter Terrorist Group. (Id. ¶ 8) Plaintiffs allege that Idema is a resident of New York. (Id.)

Defendant Australian Broadcasting Corporation ("ABC") is an Australian television broadcast company and online news agency, and Defendant ABC Corporations 1-100 are divisions, subsidiaries, holding companies, or affiliates of ABC. (Id. ¶¶ 9-10) Defendants Jackson and Campbell are employed by ABC as television and radio correspondents. (Id. ¶¶ 12-13)[3] Defendant Knightsbridge International, Inc. ("Knightsbridge") is a California 501(c)(3) not-for-profit corporation dedicated to providing humanitarian assistance and disaster relief worldwide. (Id. ¶ 17) Defendant Knightsbridge International Humanitarian Relief and Human Improvement Programs, Inc. is a company

---

dismissal.

[3] Hereinafter, Defendants ABC, ABC Corporations 1-100, Jackson, and Campbell are referred to, collectively, as the "ABC Defendants."

affiliated with Knightsbridge, (id. ¶ 18) and Defendants Joseph A. Cafasso ("Cafasso") and Edward A. Artis ("Artis") are also affiliated with Knightsbridge. (Id. ¶¶ 15-18, 29) Cafasso is alleged to be a resident of New Jersey, and Artis, a resident of the Philippines. (Id. ¶¶ 15-16) Partners International Foundation ("PIF") is a non-profit humanitarian organization located in Connecticut working domestically and abroad to provide disaster relief and other support. (Id. ¶ 20) Defendant Robert C. Morris ("Morris") runs PIF, and is a resident of Connecticut. (Id. ¶¶ 19-20) Defendant William John Hagler ("Hagler") is alleged to be a co-conspirator of the other Defendants and is a resident of Fayetteville, North Carolina. (Id. ¶ 21)

Plaintiffs allege that as part of its "Media Watch" program, ABC broadcasted the story, "Jack of All Trades?" in Australia on March 7, 2005. (Id. ¶ 25) Jackson hosted the story, in which Plaintiffs allege that she used "stolen copyright protected images belonging to Plaintiffs." (Id.) After the story was published online, Idema called Jackson at ABC, told her that the photographs were stolen and being illegally used, and requested that the alleged infringement cease and that his photos and videotapes be returned. (Id. ¶ 27) Jackson rebuffed this request. (Id.)

4

Upon information and belief, Plaintiffs allege that the ABC Defendants refused to remove the images from their website, and have continued to publish and distribute the pictures and other images used in the story to third parties. (Id. ¶ 28 & 34) Plaintiffs allege that many of these photographs and documents were obtained from Defendants Artis, Cafasso, and/or Morris. (Id. ¶¶ 16 & 29) Specifically, Plaintiffs allege that ABC identified images registered by Plaintiffs under US Copyright Registration numbers VAu754-933, VAu755-447, VAu755-440 in the story, and published them in violation of United States copyright law. (Id. ¶¶ 35-35.3) Plaintiffs allege that Defendants obtained these photographs from a confidential email, and that ABC did not seek or obtain a license or permission from Plaintiffs to publish them. (Id. ¶ 36)

## II. DISCUSSION

1. Legal Standard Under Fed. R. Civ. P. 12(b)(1)

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides for dismissal of a claim when the federal court "lacks jurisdiction over the subject matter." Fed. R. Civ. P. 12(b)(1). Under Rule 12(b)(1) even "a facially sufficient complaint may be dismissed for lack of subject matter jurisdiction if the asserted

basis for jurisdiction is not sufficient." Frisone v. Pepsico Inc., 369 F.Supp.2d 464, 469 (S.D.N.Y. 2005) (citations omitted).

When resolving issues surrounding subject matter jurisdiction, a district court is not confined to the complaint and may refer to evidence outside the pleadings, such as affidavits. Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000) (citing Kamen v. American Tel. & Tel. Co., 791 F.2d 1006, 1011 (2d Cir. 1986)); see also Frisone, 369 F.Supp.2d at 469-70 ("no presumptive truthfulness attaches to the complaint's jurisdictional allegations"). The court must nevertheless construe all ambiguities and draw all inferences in a plaintiff's favor. Id. Ultimately, however, the plaintiff "bears the burden of proving subject matter jurisdiction by a preponderance of the evidence." Aurecchione v. Schoolman Transp. Sys., Inc., 426 F.3d 635, 638 (2d Cir. 2005) (citing Luckett v. Bure, 290 F.3d 493, 497 (2d Cir. 2002)).

2.  Federal Question Jurisdiction

Plaintiffs assert that the Court has subject matter jurisdiction over this case because Plaintiffs have a valid claim under the copyright laws of the United States. Defendants submit that Plaintiffs have no viable copyright claim because Plaintiffs

have alleged no act of infringement that occurred within the United States.

It is well established that the United States copyright laws generally have no extraterritorial application. Update Art, Inc. v. Modiin Pub., Ltd., 843 F.2d 67, 73 (2d Cir. 1988). An exception is presented when the type of infringement alleged permits further reproduction abroad, such as the unauthorized manufacture of copyrighted material in the United States. Robert Stigwood Group Ltd. v. O'Reilly, 530 F.2d 1096, 1101 (2d Cir. 1976), cert. denied, 429 U.S. 848 (1976). A cause of action may lie under U.S. copyright laws where a defendant commits a "predicate act" of infringement within the United States. Update Art, 843 F.2d at 73.

Plaintiffs argue in their opposition papers that the predicate acts of Defendants' infringement – that is the copying and transmission of Plaintiffs' images to ABC – occurred within the United States, conferring subject matter jurisdiction on this Court. (Pls.' Opp. at 8-11) However, Plaintiffs have not made any such factual allegations in their Complaint. As to where and how ABC obtained the photographs, the Complaint alleges only that Cafasso, Artis, and Morris were "source[s] of the defamatory and infringing story and article published by ABC," (Compl. ¶¶ 15-16,

19 & 21) that "Artis and Cafasso were primary co-conspirators in the copyright infringement and contributed by assisting ABC with illegally obtaining the images," (Id. ¶ 16) that "many of these photographs . . . were obtained from Artis, Cafasso, and/or Morris," (Id. ¶ 29) and that "Defendants obtained these photographs from a confidential email . . ." (Id. ¶ 36) Plaintiffs make no allegation that any of these acts occurred in the United States. That Artis, Cafasso, and Morris worked with humanitarian not-for-profit corporations located in the United States, and that Cafasso and Morris are alleged to be residents of the United States do nothing even to suggest that any of the acts Plaintiffs have alleged of them transpired here. Further, the Complaint alleges that Defendant Artis "is believed to be a resident of the Philippines." (Id. ¶ 16) How or why the Court is to infer that any illegal copying or transmission of photographs from Artis to ABC occurred within the territory of the United States is far beyond the four corners of the Complaint. The Court finds that no federal question is presented.[4]

---

[4] While this action was filed over a year ago, on March 6, 2008, to date Plaintiffs have not even served those Defendants – Artis, Cafasso, and Morris – that they allege to be the sources of the allegedly infringing images. Plaintiffs' prescribed 120 time period for service under Fed. R. Civ. P. 4(m) has long expired, and the Court finds separate grounds to dismiss the Complaint with prejudice against Defendants Artis, Cafasso, and Morris, as well as Defendant Campbell, who Plaintiffs also failed

3.  Diversity Jurisdiction

Section 1332 of Title 28, United States Code confers subject matter jurisdiction on the district courts over actions between "citizens of different States." 28 U.S.C. § 1332(a)(1). The party seeking to invoke diversity jurisdiction must allege facts demonstrating that complete diversity of citizenship exists between all parties to the action. Advani Enterprises, Inc. v. Underwriters at Lloyds, 140 F.3d 157 (2d Cir. 1998). "[W]hether federal diversity jurisdiction exists is determined by examining the citizenship of the parties at the time the action is commenced." Linardos v. Fortuna, 157 F.3d 945, 947 (2d Cir. 1998) (citations omitted).

Subject matter jurisdiction based on complete diversity of citizenship between the Parties is lacking on the face of the Complaint because Plaintiffs Counter Terrorist Group US and Counterterr are alleged to be North Carolina companies (Compl. ¶ 7) and Defendant William John Hagler is alleged to be a North Carolina resident. (Id. ¶ 21)

---

to serve, for failure to prosecute. See Lyell Theatre Corp. V. Loews Corp., 682 F.2d 37, 42 (2d Cir. 1982) (quoting Link v. Wabash Railroad Co., 370 U.S. 626, 629, 82 S.Ct. 1386, 1388, 8 L.Ed.2d 734 (1962)) ("[t]he authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted.").

## III. CONCLUSION

Because no federal question is presented and complete diversity of the Parties is lacking, the Court finds that it has no subject matter jurisdiction over Plaintiffs' claims. As such, Defendants' motions to dismiss the Complaint for lack of subject matter jurisdiction are GRANTED. The Clerk of Court is directed to close the docket in this case.

SO ORDERED.

Dated:    New York, New York
         June 9, 2009

*Deborah A. Batts*

Deborah A. Batts
United States District Judge

10